## Trucco, Appellant, *v.* Erie Railroad Company

Argued April 10, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Edw. E. Petrillo,* for appellant.

*E. Lowry Humes,* with him *Humes & Kiebort* and *Fred C. Kiebort,* for appellee.

OPINION BY RHODES, J., July 19, 1945:

Claimant, on September 15, 1941, was employed by defendant at its blacksmith shop at Meadville, Pa. In this shop repair parts for defendant's locomotives were made. This was the principal type of work in that shop.

Claimant was hired as a helper to one of the blacksmiths to assist in the making of such parts, and at the time of the alleged accident he was engaged in making "strap hangers" used as replacement parts for defendant's locomotives. Defendant is an interstate railroad, and its locomotives are necessarily used in the conduct of interstate commerce. Claimant had been similarly employed by defendant prior to 1935, and was reemployed on the day of the accident.

The referee found that claimant was totally disabled as a result of an accidental injury on September 15, 1941, while in the course of his employment with defendant, and that he was engaged in intrastate commerce at the time of his accident. The Workmen's Compensation Board sustained the findings of fact, conclusions of law, and the award of the referee. On appeal to the court of common pleas the award was reversed and judgment entered for defendant on the ground that claimant's remedy, if any, was under the Federal Employers' Liability Act, as amended by the Act of August 11, 1939, c. 685, §1, 53 Stat. 1404, 45 U.S.C.A. §51 et seq.

There is no dispute as to the nature of claimant's employment, and consequently the only question presented is whether claimant was engaged in interstate commerce as defined by the 1939 amendment; the question for decision is therefore one of law. *Scarborough v. Pennsylvania R. Co.,* 154 Pa. Superior Ct. 129, 130, 35 A. 2d 603 (accident subsequent to amendment of 1939); *Jordan v. Erie R. Co.,* 146 Pa. Superior Ct. 134, 136, 22 A. 2d 116 (accident prior to amendment of 1939). The amendment of 1939 reads as follows: "Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the bene-

fits of this chapter." In *Scarborough v. Pennsylvania R. Co.,* supra, 154 Pa. Superior Ct. 129, 35 A. 2d 603, this court had occasion to give consideration to the purpose and scope of the amendment. In that case we said that under the 1939 amendment it was no longer necessary that an employee to receive the benefits of the Federal Act be engaged at the time of his injury in interstate transportation or in work so closely related to it as to be practically part of it, and that the amendment covered an employee when any part of his duties was in furtherance of interstate commerce. We held that claimant, whose regular and general employment was that of a signalman working on the main line of defendant's interstate railroad, although at the time of the accident he was employed in installing new lights on the platform roof of one of defendant's stations, was engaged in interstate commerce under the amendment of 1939.

Speaking of the purpose of the amendment of 1939, it was said in *Ermin v. Pennsylvania R. Co.,* 36 F. Supp. 936, at page 940: "There are multitudinous decisions raising hair-splitting interpretations as to whether or not the employee at the time of his accident was actually engaged in interstate commerce. It was to avoid this difficulty that Congress enacted the amendment."

In the present case we think it clear that claimant was engaged in the furtherance of interstate commerce or in work affecting such commerce directly or closely and substantially. Claimant was engaged in the production of essential parts for the repair and maintenance of defendant's locomotives which were part of its facilities as a railroad operating in interstate commerce. An employee engaged in the repair or maintenance of interstate railroad facilities is within the present act. *Southern Pacific Co. v. Industrial Accident Commission et al.,* 120 P. 2d 880, 885; *Overstreet et al. v. North Shore Corp.,* 318 U. S. 125, 132, 63 S. Ct. 494, 87 L. Ed.

656, 663; *Moser v. Union Pacific R. Co.*, 147 P. 2d 336, 339.

In our opinion, this case comes within the exclusive operation of the Federal Employers' Liability Act, as amended. *Scarborough v. Pennsylvania R. Co.*, supra, 154 Pa. Superior Ct. 129, 131, 35 A. 2d 603.

Judgment is affirmed.