Herman, Appellant, *v.* Kandrat Coal Company.

118

Argued December 15, 1964. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

*David S. Shrager,* with him *Donald J. Farage* and *William J. Krencewicz,* for appellant.

*Arthur E. Ricchiuti,* Special Assistant Attorney General, with him *Clyde M. Hughes, Jr.,* Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellee.

*Howard G. Stutzman,* for coal company, appellee.

OPINION BY WATKINS, J., March 18, 1965:

The Court of Common Pleas of Schuylkill County affirmed the decision of the Workmen's Compensation Board, in an occupational disease claim, which denied benefits to the claimant-appellant, Helen Herman, widow, on the ground that the decedent, Carl Herman, was not an employee under the Act.

This claim arose under The Pennsylvania Occupational Disease Act of 1939, P. L. 566, as amended, 77 PS §1201. The claimant's husband, Carl Herman, died on April 17, 1957, as a result of anthracosilicosis. The Referee on March 13, 1963 awarded benefits. On appeal, the Board reversed the Referee on March 19, 1964 and denied benefits on the ground that there was no employer-employee relationship. The court below affirmed and this appeal followed.

The decedent was employed in the anthracite mines from 1912 until April 27, 1956. He was disabled as a result of anthracosilicosis and died on April 17, 1957. The Board found as a fact that his last exposure to a silicate hazard was by virtue of work performed in and about the mine of the defendant, K. & H. Coal Co., from December 1950, until April 27, 1956.

The K. & H. Coal Co., was a mining venture entered into by the decedent and Victor Kandratavich and the Board found that ". . . the decedent was a partner in the mining venture operating as K. & H. Coal Company, with Victor Kandratavich." And the Board concluded that ". . . since decedent was a partner in the firm of K. & H. Coal Co., his dependent widow is not entitled to benefits under the Occupational Disease Act."

As the decision of the Board is against the claimant, the question before the reviewing court is whether there was a capricious disregard of competent evidence and whether the findings and conclusions are consist-

ent. *Fox v. American News Co.,* 190 Pa. Superior Ct. 74, 151 A. 2d 670 (1959).

We agree with the court below that the findings are consistent; that the Board did not disregard competent evidence and there was ample competent evidence from which to find that the decedent was a partner and not an employee. As the court below indicated: "The testimony taken was mainly that of the alleged co-partner in the mining operation. His testimony certainly substantiated the fact that the deceased was a partner and not an employee. He testified that the deceased received a share of the profit and that the share varied according to the amount of profit realized. The testimony further establishes that the deceased was not included on the partnership payroll as an employee nor did the partnership withhold income tax from the deceased's pay. The partnership did not carry compensation insurance on the deceased nor did it pay social security for the deceased. The defendant offered into evidence several exhibits which tend to substantiate the conclusion that the deceased was a partner in the K. & H. Coal Company. We must assume that the Board examined the partnership tax returns, correspondence with the Bureau of Mines, and compensation insurance premium notices offered into evidence by the defendant."

The appellant further contends that even if the findings and conclusions of the Board are consistent and proper in determining that the decedent was a partner, that a liberal interpretation of the Workmen's Compensation Law makes it possible to be both a partner and an employee under certain circumstances, so that the Board and the court below committed an error of law. The law is to the contrary in Pennsylvania and although the practise in independent mining in the anthracite area of Pennsylvania does

create some rather bizarre partnership situations, any remedy, if needed, must come from the legislature.

The term "employe" as used in the Occupational Disease Act, supra, 77 PS §1204, is synonymous with "servant" and the definition contained in §104 of the Workmen's Compensation Act, 77 PS §22, also holds "employe" to be synonymous with "servant". The rules for determining the existence of the relationship of employer and employee under the compensation Acts are the same as those at common law for ascertaining master and servant. *Harris v. Seiavitch,* 336 Pa. 294, 9 A. 2d 375 (1939). The burden was on the claimant to prove by a fair preponderance of the evidence that the decedent was an employee and that the one charged was an employer so that the relationship was one of master and servant. *Knepper v. Curfman,* 158 Pa. Superior Ct. 287, 44 A. 2d 852 (1945).

It is true that the compensation authorities and the courts should not be solicitous to put claimants in the position of independent contractors when the beneficial purpose of the Acts in question deserve liberal interpretation in favor of the claimant. However, in *Kransky v. Glen Alden Coal Company,* 354 Pa. 425, 47 A. 2d 645 (1946), the Supreme Court said: ". . . But, nothing could be more threatening to the integrity of that beneficial statute than to impose a legal liability thereunder for which no just basis in law exists."

In the case of *Coccaro v. Herman Coal Co.,* 145 Pa. Superior Ct. 81, 20 A. 2d 916 (1941), this Court said: ". . . One cannot become an employee of himself and thus occupy the anomalous position of both employer and employee, . . .". See also: *Nirenstein v. Colang, Inc.,* 111 Pa. Superior Ct. 72, 169 A. 404 (1933).

In *Greenya v. Gordon,* 70 Dauph. 1, it was held that a member of a partnership, even though he receives wages for services performed is not an employee within the Workmen's Compensation Act, and Judge

SOHN, speaking for that court said at page 3: "A person cannot be both an employer and an employe". The Supreme Court affirmed the decision of the Dauphin County court in a per curiam opinion saying: "The opinion of Judge SOHN for the court below disposed of the claim in trespass against the individual partner so cogently and so adequately that we need add nothing further in justification of the judgment". *Greenya v. Gordon,* 389 Pa. 499, 500, 133 A. 2d 595 (1957). See also: *Boyer v. Rhoads,* 53 Berks 84 (1960), where the facts are quite similar to those in the instant case and which was decided on the authority of the *Greenya* case, supra. See also: 99 C.J.S. Workmen's Compensation §79.

Judgment affirmed.