## Dydo *v.* Commonwealth and U. S. Bureau of Mines.

Argued February 25, 1972, before Judges KRAMER, MENCER and BLATT, sitting as a panel of three.

*Richard C. Witt,* Special Assistant Attorney General, with him *S. C. Vary,* Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for appellant, Commonwealth of Pennsylvania.

*Irving L. Bloom,* with him *Morrison F. Lewis, Jr.,* for appellee.

OPINION BY JUDGE KRAMER, April 14, 1972:

This is an appeal from an Opinion and Order of the Court of Common Pleas of Westmoreland County, dated May 21, 1971, which reversed an Order of the Workmen's Compensation Board, and thereby reinstated the adjudication rendered by the Referee of the Board. The Referee had issued an adjudication in which Edward C. Dydo (Dydo) was awarded compensation for total and permanent disability from silicosis contracted as a result of Dydo's longtime exposure to silica hazards while employed in the coal industry from 1914 to July 1, 1967. The Referee found compensation due under the Pennsylvania Occupational Disease Act (Act), Act of June 21, 1939, P. L. 566, as amended, 77 P.S. §1201, et seq.

Dydo had been employed as an underground coal miner by four different coal companies during the years 1914 to 1946. In May of 1946, he became a Civil Service employee of the United States Bureau of Mines (Bureau) in the capacity of a coal mine inspector. Dydo's employment as an inspector necessitated his entering mines in Pennsylvania on a regular basis for periods

up to thirty-two hours per week. He continued in this work for the Bureau until July 1, 1967. At the date of his termination of employment with the Bureau, he was sixty-five years of age. His testimony is that he retired as an inspector because he was "short-winded."

On July 6, 1967, Dydo was examined by a physician who concluded that the cause of his breathing problem was "pneumoconiosis." He was again examined on April 17, 1968, and December 6, 1968, both confirming the earlier diagnosis. On December 12, 1968, Dydo's physician, a Dr. Goldman, concluded: "It is felt that this patient is totally and permanently industrially incapacitated due to silicosis and pulmonary fibrosis and emphysema caused by exposure to coal and silica dust in all mines in which he worked rather than any one particular mine." The Board found that Dydo's occupational disability occurred during his employment as a federally employed coal mine inspector, and concluded that as a federal employee he was not entitled to state compensation benefits. The lower court concluded that the Federal Government falls within the definition of "employer" as used in the Act (77 P.S. §1203), and awarded Dydo compensation for total and permanent disability.

The Commonwealth, in taking this appeal, presents one issue upon which this case turns. The crucial issue is whether Dydo as a full time employee of the United States Government, i.e., a mine inspector of the Bureau of Mines, working in *an occupation* intended to be covered by the Occupational Disease Act, 77 P.S. §1201, comes within the purview and provisions of that Act. Dydo does not deny that he is entitled to the benefits of the Federal Employees' Compensation Act, Pub. L. 89-554, September 6, 1966, 80 Stat. 534, 5 U.S.C.A., 8101, et seq., which was intended to provide compensation benefits to Federal employees injured or diseased in the course of Federal employment.

In interpreting the provisions of the Act, 77 P.S. §1201, the courts of this State have stated that because of the beneficial purpose intended by the Legislature the Act should be liberally interpreted in favor of the employee. *See Herman v. Kandrat Coal Company,* 205 Pa. Superior Ct. 117, 208 A. 2d 51 (1965). In Section 103 of the Act, 77 P.S. §1203, the term "employer" is defined as follows: "The term 'employer,' as used in this act, is declared to be synonymous with master, and to include natural persons, partnerships, joint-stock companies, corporations for profit, corporations not for profit, municipal corporations, the Commonwealth, and all governmental agencies created by it." Nowhere in the Act is reference made to the United States Government or to any of its instrumentalities or agencies.

Section 104 of the Act, as amended, 77 P.S. §1204, defines the term "employee" as: "The term 'employe,' as used in this act, is declared to be synonymous with servant, and includes all natural persons who perform services, except agricultural services or domestic services performed in a private home, for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer and exclusive of persons to whom articles or materials are given out to be made up, cleaned, washed, altered, ornamented, finished, or repaired, or adapted for sale, in the worker's own home, or on other premises not under the control or management of the employer. Every executive officer of a corporation elected or appointed in accordance with the charter and bylaws of the corporation, except elected officers of the Commonwealth or any of its political subdivisions, shall be an employe of the corporation."

In searching the statutory law of this Commonwealth in an attempt to comprehend the legislative intent of the Occupational Disease Act, 77 P.S. §1201, et seq., we

find the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. [1937] 2897, 43 P.S. §751, et seq., which, in Section 1 under definitions, 43 P.S. 753(1)(6), states: "Service performed in the employ of the United States Government or of an instrumentality of the United States exempt under the Constitution of the United States from the contributions imposed by this act, . . ." shall not be included within the term "employment." We note further that within the Occupational Disease Act, 77 P.S. §1201, et seq., references are made to the liability of the employer, and to mandatory payments to be made under the Act, the failure of which would make an employer guilty of a misdemeanor and subject to a fine or imprisonment, or both. *See* 77 P.S. §1405. Other sections provide for joint payments to be made by the employer and the Commonwealth. *See* 77 P.S. §1408.

The Commonwealth is without power to make its statutes binding upon and enforceable against the Federal Government. The Commonwealth has no power to force the Federal Government to make any contributions, or to prosecute it for failure to abide by the Occupational Disease Act. The very structure of our federal system is based upon the concept of federal supremacy where the Federal Government acts. *See McCulloch v. Maryland*, 4 Wheat. 316, 4 L. Ed. 579 (1819), *Johnson v. Maryland*, 254 U.S. 51, 65 L. Ed. 126 (1920). The Commonwealth does have the power, however, to provide benefits to any persons within the Commonwealth, including those persons who are or have been employees of the Federal Government. However, to find that Federal employees are included within the benefits intended for the workers of this Commonwealth, there must be a specific and clear expression of legislative intent. No such specific and clear expression exists within the Pennsylvania Occupational Disease Act.

Although there are no Pennsylvania cases to guide us, we find cases in other jurisdictions which by analogy are pertinent. In the cases of *Posey v. Tennessee Valley Authority,* 93 F. 2d 726, 5th C.C.A. (1937) ; *Breeding v. Tennessee Valley Authority,* 243 Ala. 240, 9 So. 2d 6, (1942), and *Humphrey v. Poss, et al.,* 245 Ala. 11, 15 So. 2d 732 (1943), the courts consistently held that federal employees could not recover for injuries under Alabama Compensations Statutes, but rather would be compensated for their injuries under the Federal Employees' Compensation Act. This Federal Act specifically provides coverage for ". . . a disease proximately caused by the [Federal] employment." 5 U.S.C.A. 8101 (5). In *Posey, supra,* the court made it quite clear that the Federal Employees' Compensation Act is exclusive, and that "[t]he laws of Alabama, including the common law, do not apply." 93 F. 2d at 728.

We find further analogy in those cases involving Workmen's Compensation claims by workers in the transportation industry. The courts have held that if the injury to the claimant occurs in interstate commerce, the State Compensation Acts are inapplicable, and the Federal Employers' Liability Act, 45 U.S.C.A. 51, et seq., controls. (*See Trucco v. Erie Railroad Co.,* 157 Pa. Superior Ct. 398, 43 A. 2d 626 (1945).)

Based upon the above analysis of the law, we hold that a Federal employee, working exclusively for the Federal Government, is not an employee within the coverage of the Pennsylvania Occupational Disease Act, 77 P.S. §1201, et seq. Inasmuch as Dydo was exclusively employed by the United States Bureau of Mines for the last twenty-three years of his working life, he is not entitled to any benefits under the Pennsylvania Occupational Disease Act, 77 P.S. §1201, et seq. The determination of this issue is dispositive of the instant appeal and

it is unnecessary therefore to deal with the other questions raised in the appeal.

The Order of the Common Pleas Court of Westmoreland County is reversed.