Commonwealth of Pennsylvania *v.* Catherine M. Bley, Widow of Walter Leroy Bley, deceased. Commonwealth of Pennsylvania, Appellant.

Argued October 8, 1976, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Mary Ellen Krober,* Assistant Attorney General, for appellant.

*Richard C. Tinucci,* for appellee.

OPINION BY JUDGE BLATT, January 26, 1977:

This is an appeal by the Commonwealth of Pennsylvania, Bureau of Occupational Injury and Disease Compensation (Bureau), from an order of the Court of Common Pleas of Delaware County. The court affirmed an order of the Workmen's Compensation Appeal Board (Board) which dismissed the Bureau's appeal of a referee's award of compensation for the widow (claimant) of Walter Leroy Bley (deceased).

The deceased had been employed as a repairman and an auxiliary policeman in the Borough of Collingdale. He had also been a volunteer fireman for the Borough and for the Collingdale Fire Company for a period in excess of 12 years. On April 22, 1971, he responded with other volunteers to a fire at a plumbing supply house, and, while fighting the fire, he collapsed, and he was later pronounced dead on arrival at a local hospital. The referee found the cause of death to be a coronary occlusion brought on by the excitement and extreme exertion of fighting the fire.

The question before us is one of first impression. We are asked to determine whether or not volunteer firemen are included within the coverage of the Pennsylvania Occupational Disease Act (Act).[1] Because our research indicates that volunteer firemen do not qualify as employes as that term is defined within this particular Act, we must therefore reverse the order of the court below and of the Board and deny benefits.

---

[1] Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq.

The jurisdictional section of the Act, 77 P.S. §1201, provides that it applies to "disabilities and deaths caused by occupational disease as defined in this act, resulting from employment within this Commonwealth . . . ." The term "employee" is defined in Section 104 of the Act, 77 P.S. §1204:

> The term 'employe,' as used in this act, is declared to be synonymous with servant, and includes all natural persons who perform services . . . for another *for a valuable consideration.* . . . (Emphasis added.)

In cases involving a similar definition of employe in The Pennsylvania Workmen's Compensation Act[2] (Workmen's Compensation Act), we have previously identified certain factors which are indicative of an employer-employe relationship.[3] Prominent among these factors is the requirement of payment for services rendered on a regular basis.

The facts here are not in dispute. The deceased was a volunteer fireman, and as such received no wages or other compensation for his firefighting activities. His widow claiming benefits under the Act for the death of her husband has the burden of proving, therefore, that her deceased husband was an employe and that the relationship between her husband and the defendant was that of employer and employe. *Herman v. Kandrat Coal Co.,* 205 Pa. Superior Ct. 117, 208 A.2d 51 (1965). The claimant here has not

---

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq. Section 104 of the Act, 77 P.S. §22, provides in pertinent part:

> The term 'employe' as it is used in this act is declared to be synonymous with servant, and includes—
> All natural persons who perform services for another for a valuable consideration. . . .

[3] *See Hollen v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 209, 321 A.2d 733 (1974) ; *Barr v. B & B Camper Sales,* 7 Pa. Commonwealth Ct. 323, 300 A.2d 304 (1973).

met that burden and therefore his death is not compensable under the Act. *Herman v. Kandrat Coal Co., supra.*

The claimant argues that a 1965 amendment to §108(o) of the Act, 77 P.S. §1208(o), made volunteer firemen eligible for compensation. Section 108 defines fifteen groups of diseases as being within the term "occupational disease" as it is used within the Act. Prior to the 1965 amendment, §108(o) provided:

> (o) Diseases of the heart and lungs, resulting in either temporary or permanent total disability or death, *after four years or more of service in the full time salaried occupation of firefighting* for the benefit or safety of the public, caused by extreme over-exertion in times of stress or exposure to heat, smoke, fumes or gases, *arising directly out of the employment of any such firemen.* (Emphasis added.)

In the amended form, §108(o) provided:

> (o) Diseases of the heart and lungs, resulting in either temporary or permanent total or partial disability or death, *after four years or more of service in firefighting* for the benefit or safety of the public, caused by extreme over-exertion in times of stress or danger or by exposure to heat, smoke, fumes or gases, *arising directly out of the employment of any such firemen.* (Emphasis added.)

The claimant contends that the modification of the phrase from "after four years or more of service in the full time salaried occupation of firefighting" to "after four years or more of service in firefighting" expresses the legislature's intent to include volunteer firemen within the Act. We disagree.

Both versions of this section limit the definition of occupational disease to specified infirmities (dis-

eases of the heart and lungs) caused by specific hazards (extreme over-exertion or by exposure to heat, smoke, fumes or gases) arising directly out of *employment*. We believe that the continued use of the word "employment" in the section was not coincidental but rather was an expression of the legislature's intent that a claimant under this subsection must have contracted the specified disability while engaged in an employer-employe relationship, as that is defined in the Act. The purpose of the amendment, we believe, was not to add a new group of claimants but to lessen the burden of all claimants under this subsection. Under the prior wording, a claimant not only had to prove that his disability arose in the course of his employment but also that he was a particular type of employe, that is, a full-time salaried employe. The amendment does away with this added burden and allows employes who are only employed part-time or who are paid on other terms than a regular salary to make successful claims. We can detect no change, however, in the requirement that the claimant *be employed*.

The claimant also argues that the 1965 amendment to §108(o) was designed to conform the Act with the Workmen's Compensation Act in regard to coverage of volunteer firemen. Again we must disagree. Coverage under the Workmen's Compensation Act was extended to volunteer firemen by specific exceptions to the general requirement of an employment relationship.[4] In contrast, this Act does not contain

---

[4] Section 601 of the Workmen's Compensation Act, 77 P.S. §1031, provides in part:

> In addition to those persons included within the definition of the word 'employe' as defined in section 104 of this act, there shall be included all members of volunteer ambulance corps, volunteer fire companies or volunteer fire departments of the various cities, boroughs, incorporated

any similar exceptions. Under these circumstances, we believe that, had the legislature intended to include volunteer firemen as an exception to the general rule conditioning eligibility on being an employe, it would have specifically done so by adding to this Act an exception similar to that contained in the Workmen's Compensation Act.

This Court is fully aware of the valuable contribution to the safety and welfare of many communities made by volunteer fire companies. And, although we have stated that the Occupational Disease Act is to be construed liberally to effectuate its remedial and humanitarian purposes,[5] no liberal construction of this Act can be justified which expands its coverage to include beneficiaries not intended to be encompassed therein. Unless and until the legislature sees fit to include volunteer firemen as beneficiaries under the Occupational Disease Act, compensation thereunder must continue to be unavailable to them.

The order of the lower court is, therefore, reversed.

## ORDER

AND Now, this 26th day of January, 1977, the order of the Court of Common Pleas of Delaware County, dated December 1, 1975, is hereby reversed and the Fatal Claim Petition of Catherine M. Bley is dismissed and compensation is denied.

---

towns, and townships, who shall be and are hereby declared to be 'employes' of such cities, boroughs, incorporated towns, townships, for all the purposes of this act. . . . (Footnote omitted.)

The coverage afforded to volunteer firemen under this section is not unlimited however, *See Workmen's Compensation Appeal Board v. Mahoning Township Supervisors*, 24 Pa. Commonwealth Ct. 207, 354 A.2d 604 (1976).

[5] *See Dydo v. Commonwealth & U. S. Bureau of Mines*, 5 Pa. Commonwealth Ct. 228, 289 A.2d 781 (1972).