Erie Insurance Exchange and Mrs. Gladys Wyant, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Arthur G. Wyant, Respondents.

Argued December 12, 1980, before Judges WILKINSON, JR., WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Robert M. Hanak,* for petitioners.

*Chester H. Byerly,* for respondent, Arthur G. Wyant.

OPINION BY JUDGE WILKINSON, JR., January 13, 1981:

Although the manner in which the question here presented arrived is unusual, it is not relevant to the disposition of the case and we will not deal with it. The parties agree that the only question for us to decide is whether the referee made an error of law in finding that the claimant was an employee for the purposes of workmen's compensation. We find that the referee did not make an error of law and will affirm the Workmen's Compensation Appeal Board's order affirming the referee.

Since there is no real dispute on the facts, the question whether the necessary employer-employee relationship exists is a question of law. *Workmen's Compensation Appeal Board v. Dupes,* 24 Pa. Commonwealth Ct. 47, 353 A.2d 908 (1976). Here the basic facts are that claimant owned a farm jointly with his mother. The deed conveying him a joint interest was executed by his mother and recites that it was acquired by her as the surviving tenant by the entirety on the death of her husband. She lives in a house on the farm and the claimant lives in another house on the farm. He testified twice that he considered the deed to convey to him a one-half interest in the farm on his mother's death. Until the accident in which claimant is receiving workmen's compensation, claimant did considerable manual labor and "managed" the farm. He was paid $120 a week by his mother. She filed federal income tax returns showing herself as receiving all the income from the farm. She paid social security tax for the claimant as an employee. She held the cat-

tle and the machinery in her sole ownership. Finally, claimant was carried as an employee on petitioner's workmen's compensation insurance, and premiums were paid to petitioner insurance company on his salary. These facts lead directly to the legal conclusion that claimant is an employee.

The principal argument made by petitioners is that claimant managed the farm as if he were a joint entrepreneur with his mother. He no doubt did manage it as if he were a joint entrepreneur but actually he was not on the above facts. Indeed, any manager can appear to be a joint entrepreneur but if he is not, the appearance does not matter. Petitioner-insurance carrier was not mislead—quite the contrary, it collected premiums on his salary as an employee. Immediately following the accident, on a notice of compensation payable, claimant received uncontested benefits from October 19, 1975 until August 5, 1976 when the petition for termination was filed.

Petitioners' reliance on *Commonwealth v. Bley*, 28 Pa. Commonwealth Ct. 342, 368 A.2d 872 (1977) is misplaced indeed. In that case this Court held that the claimant, a volunteer fireman, was not an employee within the meaning of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §1201 *et seq.* Not only is that not the question here, this Court's decision was reversed by the Pennsylvania Supreme Court in *Bley v. Department of Labor and Industry*, 484 Pa. 365, 399 A.2d 119 (1979), holding that claimant in that case was an employee.

Accordingly, we will enter the following

### Order

And Now, January 13, 1981, the order of the Workmen's Compensation Appeal Board, entered October 4, 1979, at Appeal Docket No. A-73305, affirming the

decision of the Referee, denying the Petition for Termination and directing petitioner-insurance carrier to pay counsel fees in the amount of $150.00 directly to Chester A. Byerly, Esq., 352A Broad Street, New Bethlehem, PA 15851, is affirmed.