545 A.2d 442

Paul J. Metzgar *v.* General Refractories and Commonwealth of Pennsylvania, Bureau of Workers' Compensation, Appellant.

Submitted on briefs March 7, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Richard T. Kelley,* Assistant Counsel, Bureau of Workers' Compensation, for appellant.

*John F. Sullivan, Sullivan, Forr, Stokan & Huff,* for appellee.

OPINION BY JUDGE DOYLE, August 3, 1988:

The Bureau of Workers' Compensation (BWC) appeals from an order of the Court of Common Pleas of Blair County which imposed one-hundred percent liability on the Commonwealth for Paul J. Metzgar's (Claimant) work-related occupational disease.

Claimant worked for twenty-six years for General Refractories (General). After leaving General on January 6, 1970, Claimant worked as the manager of a camper business which he owned jointly with his son. Claimant also worked between 1973 and 1979 in a ceramics business he owned with his wife.

On May 10, 1979, Claimant filed for benefits under Section 301(i) of the Pennsylvania Occupational Disease Act (ODA),[1] due to silicosis. The referee found that "[t]he claimant was employed in a silica hazard in the Commonwealth of Pennsylvania for a period of 25 years, *with multiple employers,*" that he "was last employed *or*

---

[1] Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1401(i).

*self-employed* on May 10, 1979," (emphasis added), and that he "became totally disabled on February 22, 1980 as a result of silicosis. . . ." He then ordered that all of Claimant's compensation be paid by the Commonwealth pursuant to Section 301(g) of the ODA, 77 P.S. §1401(g).

Section 301(g) provides in pertinent part:

The employer liable for the compensation provided by this article shall be the employer in whose employment the employe was last exposed to the hazard of the occupational disease claimed, regardless of the length of time of such last exposure: Provided, That when a claimant alleges that disability or death was due to silicosis, anthraco-silicosis, coal worker's pneumoconiosis, asbestosis or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the only employer liable shall be the last employer in whose employment the employe was last exposed to the hazard of such occupational disease during a period of six months or more: And provided further, That in those cases where disability or death is not conclusively proven to be the result of such last exposure, all compensation shall be paid by the Commonwealth. An exposure during a period of less than six months after the effective date of this act shall not be deemed an exposure.

After a series of remands the Workmen's Compensation Appeal Board (Board) "amended" the referee's findings so as to apportion liability for Claimant's compensation of sixty percent to General and forty percent to the Commonwealth pursuant to Sections 301(i) and 308(a) of

the ODA, 77 P.S. §§1401(i), 1408(a).[2] General appealed to the court of common pleas, which sustained the appeal, reversed the Board and directed that the Commonwealth make payment to Claimant for one-hundred percent of the liability thus affirming the decision of the referee. This appeal followed.

It is settled law that the provisions of Section 301(g) are applicable *only* where there has been a showing that a claimant has worked for successive, different employers. *Bureau of Workers' Compensation v. Blank,* 85 Pa. Commonwealth Ct. 156, 481 A.2d 705 (1984). In order to shift part of the responsibility of providing benefits to a claimant, the Commonwealth must *conclusively* show that a claimant's death or disability was the result of the claimant's last cognizable exposure to the workplace hazard. *Loiacono v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 268, 415 A.2d 959 (1980).

The BWC argues that self-employment cannot support a finding of multiple employers for the purposes of Section 301(g). We agree. The term "employee" as defined in Section 104 of the ODA, 77 P.S. §1204 is synonymous with the word "servant," *Commonwealth v. Dydo,* 5 Pa. Commonwealth Ct. 228, 289 A.2d 781 (1972); *Herman v. Kandrat Coal Co.,* 205 Pa. Superior Ct. 117, 208 A.2d 51 (1965). The rules for determining

---

[2] Section 308(a) of the Act provides:

When compensation is awarded because of disability or death caused by silicosis, anthraco-silicosis, coal worker's pneumoconiosis, asbestosis, or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the compensation for disability or death due to such disease shall, except as otherwise provided in subsection (g) of section 301, be paid jointly by the employer and the Commonwealth and the employer shall be liable for sixty per centum of the compensation due and the Commonwealth forty per centum.

whether an employer-employee relationship exists under the definition contained in Section 104 are the same as at common law for ascertaining whether a master-servant relationship exists. *Hollen v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 209, 321 A.2d 733 (1974). It has been recognized that when a claimant is engaged in self-employment, he is not an "employee" within the meaning of the ODA. *Kandrat Coal.* This is because a workmen's compensation claimant "cannot become an employee of himself and thus occupy the anomalous position of *both* employer and employee." *Coccaro v. Herman Coal Co.,* 145 Pa. Superior Ct. 81, 86, 20 A.2d 916, 919 (1941) (emphasis added). Since Claimant was not an "employee" after leaving General, Section 301(g) of the ODA is inapplicable.

General cites our decision in *Loiacono* for the proposition that one-hundred percent liability can be imposed upon the Commonwealth when a claimant has multiple employers, even though the last of the multiple employers is not liable to pay compensation under the ODA. *Loiacono* involved the situation where the claimant worked for one firm for forty-nine years and the firm's successor for four months. Under Section 301(g), an exposure to an occupational hazard for less than six months does not impose any liability upon an employer. While this Court imposed one-hundred percent liability in that case because the Claimant could have been disabled during his last four months of employment as a factual matter, that case did not involve the question of whether the claimant had an employer-employee relationship with the successor employer. To interpret the language of Section 301(g) in the manner implicitly suggested by General would be to allow a self-employed claimant to be both an employer and "employee" at the same time, a result not intended by the legislature. *See*

Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922(1); *Rhoads v. Lancaster Parking Authority*, 103 Pa. Commonwealth Ct. 303, 520 A.2d 122, *petition for allowance of appeal denied*, 515 Pa. 611, 529 A.2d 1084 (1987).

Accordingly, Sections 301(i) and 308(a) are the proper applicable law and the order of the Workmen's Compensation Appeal Board is reinstated.

### ORDER

Now, August 3, 1988, the order of the Court of Common Pleas of Blair County in the above-captioned matter is reversed and the order of the Workmen's Compensation Appeal Board is reinstated.