598 A.2d 1030

**George DEICHLER, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (EMHART/TRUE TEMPER and Aetna Life & Casualty Co.), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1991.

Decided Oct. 23, 1991.

As Amended Jan. 16, 1992.

Michael E. Kosik, for petitioner.

Daniel K. Deardorff, for respondent.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Before this court is the appeal of George Deichler (Claimant) from the majority order of the Workmen's Compensation Appeal Board (Board), reversing a portion of the referee's decision computing Claimant's Average Weekly Wage by including earnings from a single entrepreneur business in which the Claimant was the Employer, sole owner and sole employee. We will affirm the Board.

Claimant was injured on November 9, 1988, in the course of his employment with Emhart/True Temper (Employer) for which compensation is being paid him for the loss of use of two fingers. In the meantime, however, Claimant sought to enhance his weekly compensation payments by adding to the earnings paid by Employer profits that he realized from his sole proprietorship, known as "Deichler's Drycleaning Repair" which he operated out of his home. This self-employment income, if added, would increase the benefits payable on the average weekly wages earned with Employer of $461.93, on which compensation is presently being paid at the rate of $307.95 per week. The referee ruled that there should be added the earnings on Claimant's self-employment of $96.55 which would yield additional compensation at two-thirds of the self-employment earnings. On appeal, the Board disagreed, holding that the concurrent

employment provision in Section 309(e) of the Act[1] could not be invoked to include Claimant as concurrent employer of himself for the purpose of adding the profits from such business to wages earned and paid by Employer.

Since we agree with the view of the majority written by Commissioner Fergus, and must disagree with the dissent written by Commissioner Pott, we will affirm the ruling of the majority.

Taking first the view of the majority, Section 309(e) of the Act, the provision involved, reads as follows:

Where the employe is working under concurrent contracts with two or more employers, his wages from all such employers shall be considered as if earned from the employer liable for compensation.

Concerning the import of this provision of the Act, the Board stated:

A literal reading of the Act indicates that a claimant's self-employment would not qualify because one cannot logically be an employee of himself and thus occupy the anomalous position of both employer and employee as defined by the Act. Section 309(e) gives no indication that self-employment income should be included as 'wages' for the purposes of computing a claimant's average weekly wage.

The Commonwealth Court of Pennsylvania has approved this interpretation. The case of *Metzgar v. General Refractories*, [118 Pa.Commonwealth Ct. 355,] 545 A.2d 442 (1988) stands for the proposition that self-employment cannot support a finding of multiple employers in the context of occupational disease pursuant to Section 301(g), 77 P.S. 1401(g). There the court held flatly that when a claimant is engaged in self-employment, he is not considered to be an employee within the meaning of the Occupational Disease Act. There the Court stated that a 'claimant cannot become an employee of himself and thus occupy the anomalous position of being *both* an employer

1. The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 582(e) (Act).

and an employee.'  We believe that the Court would make the same determination with respect to the Workmen's Compensation Act, and therefore, believe that the Referee made an error of law.  We must therefore reverse.

Board's Opinion, Exhibit B, p. 3 (emphasis in original).

Obviously, the majority of the Board, in so stating, was rejecting the contention in the Dissent that *Metzgar* was sufficiently distinguishable to be disregarded in the interpretation of the Act, because *Metzgar* dealt with a definition in The Pennsylvania Occupational Disease Act, in Section 301(g) of that Act.[2]

The dissent stated:

I believe the majority's reliance on *Metzgar v. W.C.A.B.,* [118 Pa.Commonwealth Ct. 355,] 545 A.2d 442 (1988) is misplaced because that case was interpreting the term 'employee' as it is defined in the Pennsylvania Occupational Disease Act.  In that Act, employee is synonymous with the word 'servant.'  I do not envision such a strict construction of the term in the Workmen's Compensation Act and, therefore, believe *Metzgar* could be regarded as distinguishable.

■  Furthermore, we cannot disagree with the interpretation of our Court in *Metzgar,* in which there is no indication that the terms "employer" and "employe" should have different meanings under the Act or any other legislation. Indeed, we cannot conclude that the Legislature can somehow be treated as having considered that the terms, employer and employe, would be different in the two workmen's compensation statutory divisions of this same system, particularly, while plainly stating the definitions as identical.[3]

2.  Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. § 1401(g) (ODA).

3.  The ODA states:
Section 103, [77 P.S. § 1203].  The term 'employer,' as used in this act, is declared to be synonymous with master ...
Section 104, [77 P.S. § 1204], the term 'employe,' as used in this act, is declared to be synonymous with servant ...
The Act similarly defines "employer" and "employe" as follows:
Section 103, [77 P.S. § 21].  The term 'employer,' as used in this act, is declared to be synonymous with master ...

■ We can do no better than to quote from *Metzgar* the language of Judge Doyle, referred to by the majority of the Board as follows:

To interpret the language of Section 301(g) in the manner implicitly suggested by General would be to allow a self-employed claimant to be both an employer and 'employe' at the same time, a result not intended by the legislature. See Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(1); *Rhoads v. Lancaster Parking Authority*, 103 Pa.Commonwealth Ct. 303, 520 A.2d 122, petition for allowance of appeal denied, 515 Pa. 611, 529 A.2d 1084 (1987).

*Id.*, 118 Pa.Commonwealth Ct. at 359–360, 545 A.2d at 445.

Accordingly, as noted, we will affirm the decision of the majority of the Board.

### ORDER

NOW, October 23, 1991, the order of the Workmen's Compensation Appeal Board, as of No. A89–2657 dated January 8, 1991, is hereby affirmed.

Section 104, [77 P.S. § 22]. The term 'employe,' as used in this act, is declared to be synonymous with servant ...