BOATMAN'S NATIONAL BANK of Northwest Arkansas
(Successor-in-Interest to Worthen National Bank of Northwest
Arkansas) *v.* Shirley A. MOSS, Sharon J. Hale and City of
Springdale

97-127                                    953 S.W.2d 583

Supreme Court of Arkansas
Opinion delivered October 30, 1997

*Stockland & Trantham, P.A.*, by: *Charles S. Trantham*, for appellant.

No brief filed for appellee.

TOM GLAZE, Justice. On February 23, 1996, appellant Boatmen's National Bank of Northwest Arkansas filed a foreclosure suit against Shirley and Sharon Moss when they defaulted on a loan. Boatmen's subsequently added the City of Springdale as a defendant because the city claimed an interest in the mortgaged property. In March 1996, Shirley Moss filed a pro se response to Boatmen's complaint, and the city filed its answer, reserving the right to file a counterclaim or cross claim. Sharon filed nothing.

On March 29, 1996, Shirley filed a notice in the foreclosure suit, reflecting she had filed a petition for Chapter 13 bankruptcy on March 14, 1996, and an automatic stay went into effect pursuant to 11 U.S.C. § 362(a) (Supp. 1994). No further pleadings were filed or actions taken in Boatmen's suit until December 5, 1996, when the chancery judge dismissed the case for want of prosecution under Rule 41(b) of the Arkansas Rules of Civil Procedure. Rule 41(b), in pertinent part, provides that, in any case in which there has been no action shown on the record for the past twelve months, the court shall cause notice to be mailed to the attorneys of record, and to any party not represented by an attorney, that the case will be dismissed for want of prosecution unless on a stated day application is made, upon a showing of good cause, to continue the case on the court's docket.

On December 18, 1996, Boatmen's filed a motion to set aside the court's dismissal order, stating Shirley was currently in bankruptcy and Boatmen's foreclosure suit against Shirley had been automatically stayed. Boatmen's requested its foreclosure action be reinstated, otherwise, it would be forced to refile its lawsuit in the future. After the chancery judge denied Boatmen's motion, Boatmen's filed this appeal.

We initially mention the obvious fact that the twelve-month period under Rule 41(b) had not elapsed at the time Boatmen's case was dismissed. In this respect, the City of Springdale filed its answer on March 27, 1996, and Shirley filed notice of her bankruptcy on March 29, 1996, but the chancellor dismissed Boatmen's suit on December 5, 1996. The chancellor's dismissal was about four months premature. For this reason, alone, Boatmen's request for reinstatement of its case would appear to have merit, based on the failure of the court to comply with the terms of Rule 41(b). However, because this court will not reverse a case based on an argument not raised below, we will decide the question that Boatmen's raised below and now argues on appeal — Did the trial court err in dismissing Boatmen's suit for want of prosecution when a bankruptcy stay order was in effect at the time?[1]

This court has not addressed the question posed here, but courts in other jurisdictions have. For example, a Florida appellate court considered a lower court's dismissal of a plaintiff's nonsuit under a rule almost identical to Arkansas's Rule 41(b) when a bankruptcy stay order was in effect.[2] The appellate court reversed, stating the following:

---

[1] Too, while this court could reverse on the failure of complying with Rule 41(b), the bankruptcy stay argument would likely arise again, and judicial economy would be served to decide the issue now and avoid another appeal.

[2] Rule 1.420(e) of the Florida Rules of Civil Procedure reads as follows:

(e) FAILURE TO PROSECUTE. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person . . . unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending.

> [I]f an action is stayed as to one or more of the parties either by court order or by an automatic stay invoked because of the federal bankruptcy act, it will not be dismissed for failure to prosecute. To hold otherwise would frustrate the purpose of the rule which is to expedite and simplify litigation, not to cause additional litigation through no fault of the one moved against.

*Bowman v. Peele*, 413 So.2d 90 (1982); *see also Bowman v. Dickey*, 505 So.2d 581 (1987); *Cf. Hughes v. Robo Bay Cities, Inc.*, 184 Cal. Rptr. 926 (1982). In addition to and consistent with the Florida decisions on the issue, the Texas Supreme Court held its court of appeals erred in issuing an opinion after a party to the appeal had filed bankruptcy and a stay order was in effect under 11 U.S.C. § 362(a).

■ Although no want-of-prosecution rule like Arkansas's Rule 41(b) was at issue, a number of federal cases dealing with dismissal of actions when bankruptcy stay orders were in effect are particularly insightful and essentially reach the same outcomes as the ones reached by the Florida and Texas courts. In *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754 (9th Cir. 1995), for example, the court of appeals held the district court's dismissal of Dean's lawsuit against Trans World Airlines violated the § 362(a) automatic stay in effect when TWA filed for bankruptcy. The court of appeals explained its decision as follows:

> Section 362(a) has two broad purposes. First, it provides debtors with protection against hungry creditors:
> It gives the debtor a breathing spell from its creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.
> H.R.Rep. No. 595, 95th Cong., 1st Sess., at 340 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6296-97. Second, the stay assures creditors that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets:
>
> The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would

obtain payment of the claims in preference to and to the detriment of other creditors.

*See also Pope v. Manville Forest Products Corporation*, 778 F.2d 238 (5th Cir. 1985).

■ The *Pope* case is particularly helpful. There, the Fifth Circuit Court of Appeals held that Pope's Title VII action against her employer Manville Forest Products must remain on the district court's docket until final disposition of Manville's bankruptcy proceedings or some relief is granted from the § 362(a) stay. The court in *Pope* set out the following rationale in support of its decision:

> We recognize that the stay, by its statutory words, operates against "the commencement or continuation" of judicial proceedings. No specific reference is made to "dismissal" of judicial proceedings. Nevertheless, it seems to us that ordinarily the stay must be construed to apply to dismissal as well. First, if either of the parties takes any step to obtain dismissal, such as motion to dismiss or motion for summary judgment, there is clearly a continuation of the judicial proceeding. Second, in the more technical sense, just the entry of an order of dismissal, even if entered sua sponte, constitutes a judicial act toward the disposition of the case and hence may be construed as a "continuation" of a judicial proceeding. Third, dismissal of a case places the party dismissed in the position of being stayed "to continue the judicial proceeding," thus effectively blocking his right to appeal. Thus, absent the bankruptcy court's lift of the stay, or perhaps a stipulation of dismissal, a case such as the one before us must, as a general rule, simply languish on the court's docket until final disposition of the bankruptcy proceeding.

■ We believe the foregoing cases, particularly the federal ones, set out compelling reasons why party debtors and creditors should be protected against early dismissals of those pending court actions when bankruptcy proceedings and stay orders are filed. Even though such protective stays under § 362(a) automatically go into effect upon the filing of a bankruptcy action, a party in interest is provided an opportunity to seek relief from the stay for good cause under 11 U.S.C. § 362(d) (Supp. 1994). Meanwhile, the stay provides debtors with protection against hungry creditors, and assures creditors are not racing to various courthouses to pursue

independent remedies to drain the debtor's assets. *Dean,* 72 F.3d at 755, 756. Also, this court's interpretation of its Rule 41(b) to prevent a want-of-prosecution dismissal of a pending state court action after a § 362(a) is in effect, eliminates a plaintiff from refiling the action in the future, serves judicial economy and avoids possible statute of limitation and priority claim problems.

For the reasons stated above, we reverse and remand with directions to reinstate Boatmen's case.