**ANR FREIGHT SYSTEM, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BURSICK), Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 11, 1998.

Decided April 16, 1999.

Fred C. Trenor, Pittsburgh, for petitioner.

James R. Schmitt, Carnegie, for respondent.

Before DOYLE, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

FLAHERTY, Judge.

(Employer) ANR Freight System petitions for review of the April 14, 1997 Workers' Compensation Appeal Board's (Board) decision affirming the July 13, 1995 decision of the Workers' Compensation Judge (WCJ). We affirm.

In response to a Review Petition filed by John Bursick (Claimant) the WCJ ordered the Employer to remove an endorsement from the back of Claimant's disability checks which made the cashing of Claimant's checks conditional. This conditional endorsement on the back of each of the Claimant's checks read as follows:

> "This check is being accepted and endorsed with the understanding that I thereby represent to ANR Freight System, Inc. that I have been disabled and performed no work during the compensable period covered by this payment."

 The issue presented by this case is whether Employer, by placing an endorsement on Claimant's compensation checks making the cashing of such checks conditional to the endorsement, is 1) in violation of the Act; and/or 2) acting in bad faith?[1] We conclude that it is both.

The history of this case involves a previous decision and dates back to February 8, 1989, when Employer issued a Notice of Compen-

---

1. Here the condition was requiring Claimant to certify that he is disabled and performing no work during the compensable period.

sation Payable (NCP) to Claimant for his January 30, 1989 back injury. This NCP produced weekly benefits to the Claimant of $399 and was based on an average weekly wage of $761.45, which was calculated according to the earnings by Claimant from his employment with Employer, but did not include any other earnings from any other business venture of Claimant.

On February 23, 1990, Employer filed a Modification Petition alleging that Claimant was actively engaged and/or earning wages in a truck repair and hauling business. WCJ dismissed Employer's Modification Petition on December 23, 1993, and Employer appealed to the Board. The Board affirmed the denial of the Modification Petition in 1995.

Both Employer and Claimant appealed the Board's 1995 denial of the modification of the Claimant's benefits to this Court in a previously filed petition for review.[2]

2. This Court then affirmed the 1995 decision of the Board and WCJ in a previously unreported memorandum opinion of the cross-appeals at *ANR Freight System v. Workmen's Compensation Appeal Board (Bursick)*, which were consolidated at Nos. 1850 & 1881 C.D.1995, filed June 18, 1996 *(ANR 1996)*.

Although, according to Internal Operating Procedure No. 414 of the Commonwealth Court, 210 Pa.Code § 67.52, unreported opinions are not generally permitted to be relied upon or cited to in published opinions, where a previously unreported opinion in the same case is necessary to provide an accurate history of the case, then IOP No. 414 provides that the Court may recite the prior opinion as the law of the case.

In this instance, we emphasize that the holding in *ANR 1996* is the law only in this case. The *ANR 1996* opinion of the Court held that irrespective of the merits of the arguments regarding the character of the self-employment income, that it was clear that the WCJ in *ANR 1996* reached a determination based upon the criteria in *Fruehauf Corp. v. Workmen's Compensation Appeal Board (Michaels)*, 126 Pa.Cmwlth. 298, 559 A.2d 609 (1989) and in *Joy Technologies, Inc. v. Workmen's Compensation Appeal Board (Heeter)*, 155 Pa.Cmwlth. 9, 624 A.2d 710 (1993), and that the Board correctly affirmed the decision of the WCJ that the Claimant's self-employment income was not related to the calculation of disability benefits.

The Court reviewed the findings and decision of the WCJ and the Board and concluded that since no income from Claimant Bursick's business enterprises was included in the computation of his average weekly wage (for purposes of determining disability benefits), then it would be inequitable and contrary to the Act to deduct that

In 1995, while the denial of the Modification Petition was on appeal before this Court, Employer began placing the endorsement on the back of Claimant's disability checks. Claimant not only refused to accept the checks, but filed the instant Review Petition, requesting WCJ to order Employer to stop placing the endorsement on the Claimant's checks and to reissue the compensation without an endorsement.

On July 13, 1995, when WCJ made a determination on the instant Review Petition, WCJ again found Claimant was not an employee of his trucking enterprises according to Section 104 of the Workers' Compensation Act (Act), referencing his December 23, 1993 decision (later affirmed by this Court in *ANR 1996).*[3]

WCJ further found, regarding the instant Review Petition that,

income now from his average weekly wage, thereby modifying his benefits.

Additionally, the *ANR 1996* decision also took into consideration this Court's decision in *University of Pittsburgh v. Workmen's Compensation Appeal Board (Johnson)*, 167 Pa.Cmwlth. 643, 648 A.2d 1315 (1994)(where this Court found that earnings from employee's work should be credited to employer, but did not consider any of the *Joy Technologies/Fruehauf* criteria and the burden of proof was different than in the *ANR 1996* case) and rejected the application of *Deichler v. Workmen's Compensation Appeal Board (Emhart/True Temper)*, 143 Pa.Cmwlth. 189, 598 A.2d 1030 (1991), *petition for allowance of appeal denied*, 530 Pa. 662, 609 A.2d 169 (1992) to the facts of *ANR 1996*. Instead, in *ANR 1996*, the Court affirmed the reasoning of the WCJ and the board, who differentiated the facts of *Deichler* from the facts in *ANR 1996*.

Based upon the well-reasoned decision of this Court in *ANR 1996*, we will not reconsider the merits of any argument regarding the character of the Claimant's businesses or earnings therefrom, since this Court has already determined that these earnings may not be a basis to modify the Claimant's benefits.

3. The Act is the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

Section 104 of the Act, 77 P.S. § 22 enunciates the Act's definition of "employe," which, under this section is as follows:

The term "employe," as used in this act is declared to be synonymous with servant, and includes – All natural persons who perform services *for another* for a valuable consideration ... (emphasis added).

"[A]lthough the Claimant is operating a business, he does not have earnings in accordance with Section 104 of the Act. Therefore, the endorsement on the Claimant's compensation checks is making them uncashable because of the precise working of the endorsement which leaves no margin for interpretation." (WCJ 7/12/95 F.O.F. No. 6).

WCJ also found that Claimant's refusal to sign his compensation checks was reasonable. WCJ further found that the endorsement contained on Claimant's compensation checks is not valid under the Act and that in light of the endorsement, valid payment to Claimant according to prior orders had not been made.

For Employer's violation of the Act, WCJ imposed on Employer a penalty of 10% of the amount of the checks issued with the endorsement in the nature of interest payable to the Claimant.

Employer appealed these findings to the Board. The Board not only affirmed the WCJ's findings, further concluding that not only was Employer in violation of the Act, but that Employer had exercised bad faith in the context of claims handling. The appeal from that Board decision is presently before the Court.

■ Appellate review in workers' compensation matters, where the Board takes no additional evidence, is limited to determining whether there is substantial evidence to support necessary findings of fact, where there is a violation of constitutional rights, or whether an error of law was committed. *Sellari v. Workmen's Compensation Appeal Board (NGK Metals Corp.)*, 698 A.2d 1372 (Pa.Cmwlth.1997). This standard of review applies to both the Board and to this Court. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa. Cmwlth. 277, 572 A.2d 838 (1990).

■ "The Act is remedial in nature and its purpose is to benefit the workers of this Commonwealth. As such, the Act is to be liberally construed to effectuate its humanitarian objectives." *Harper & Collins v. Workmen's Compensation Appeal Bd.*

*(Brown)*, 543 Pa. 484, 490, 672 A.2d 1319, 1321 (1996). Moreover, borderline interpretations of the Act are to be construed in the injured party's favor. *Harper*, 543 Pa. at 490, 672 A.2d at 1321, *citing Turner v. Jones & Laughlin Steel Corp.*, 479 Pa. 618, 629, 389 A.2d 42, 47 (1978).

■ Claimant contends that by placing a restriction on the back of Claimant's check, that Employer has violated Section 406.1 of the Act, 77 P.S. § 717.1, which provides, in pertinent part:

"The employer and insurer shall ... proceed promptly to commence the payment of compensation due, either pursuant to an agreement upon the compensation payable or a Notice of Compensation Payable as provided in Section 407 [4] ... "

We agree. An employer may not hold a claimant hostage by turning over disability payments on a conditional basis. Once it has been determined (by a NCP or order of court) that the employer is liable for the payment of disability payments, the payments must, in accordance with the Act, be prompt and unconditional.

■ Employer alleges that the primary purpose for the endorsement is to prevent fraud. This argument is without basis, since the Act does not empower Employer to "police" Claimant in this manner. The Act does contain permitted procedures for investigating and reviewing any "fraud" which an employer suspects, although restricting the cashing of disability checks is not among them.

Section 301(a) of the Act, 77 P.S. § 431 requires, "Every employer shall be liable for compensation for personal injury to ... each employe, by an injury in the course of his employment, and such compensation shall be paid in all cases by the employer, without regard to negligence ... "

Section 308 of the Act, 77 P.S. § 601 provides, "Except as hereinafter provided [relating to professional athletes under contract], all compensation payable under this Article shall be payable in periodical installments, as the wages of the employe were payable be-

4. 77 P.S. § 731.

fore the injury." Section 413 of the Act, 77 P.S. § § 771–774.2 provides the mechanism for altering the payment of compensation once the liability for compensation has been determined (by NCP or order to pay compensation).

Section 413(a) of the Act, 77 P.S. §§ 771–774 provides various mechanisms for the alteration of the payment of compensation once payments have begun. However, this section provides that only a WCJ may alter the payments, and that the employer may only unilaterally cease payments in one of three circumstances: 1) where the employee has returned to work at the same or greater wages and 2) where the employer files a sworn affidavit from a physician that, based upon an examination within the preceding 15 days, that the claimant has fully recovered from his or her injury; and 3) where a supersedeas or other order to cease or suspend payment has been actually granted and entered on the record.

It is clear from this lengthy and detailed section of the Act that the legislature went to extreme measures to insure the reliability of compensation payments to the claimants and to prohibit employers from "taking matters into their own hands." In fact, Section 413(b), 77 P.S. § 774.1 provides a penalty for the unilateral alteration of payments to the claimant:

> Any insurer who suspends, terminates or *decreases* payments of compensation without submitting an agreement or supplemental agreement therefore as provided in section 408, or a final receipt *as provided in section 434*, or without filing a petition and either alleging that the employee has returned to work at his prior or increased earnings or where the petition alleges that the employee has fully recovered and is accompanied by an affidavit of a physician on a form prescribed by the department to that effect which is based upon an examination made within fifteen days of the fil-

ing of the petition or having requested and been granted a supersedeas as provided in this sections, shall be subject to a penalty as provided in section 435.[5] [Emphasis added.] [6]

■ Most importantly, however, we emphasize once again that, under the Act, employers may not unilaterally cease payment to a claimant absent a supersedeas or strict compliance with Section 413 of the Act, 77 P.S. § 771–774.2.

■ At the time Employer placed the endorsement on the checks, this Court had not yet affirmed the Board's decision of entitlement of Claimant to disability payments. This, however, is of no consequence. Employer never received a supersedeas from the WCJ or the Board. There *was* in effect an outstanding order from the WCJ, approved by the Board, to pay the compensation. Absent a supersedeas, Employer was under a duty to continue prompt, valid, unconditional payment to Claimant until the compensation was able to be suspended or terminated properly under the Act.

■ We agree with the Board that Employer is in violation of the Act, that Employer has no authority under the Act to assess any form of proviso or conditional stipulation on the payment of the benefits to Claimant. The placement of any condition on Claimant's checks constitutes "bad faith." To permit endorsements on claimants' benefit checks would create a "chilling effect" on claimants who are rightfully relying upon proper payments to be timely made to them, as the Act guarantees.

Throughout the Act, nowhere does it provide for any conditional payments, and in fact, the better query is, would a claimant be entitled to receive his compensation in cash, if he should so demand?

---

5. Section 408, 77 P.S. § 731.
 Section 434, 77 P.S. § 1001.
 Section 435, 77 P.S. § 991.

6. The purpose of the word "insurer" in the first sentence of this section is to put the insurer on notice that, although many penalties under the Act are assessed against or imposed upon the employer and not the insurer, that the insurer (as the payor of the compensation) may be subject to the penalties for altering the payment of compensation to the Claimant where the action is outside the scope of this section or not pursuant to an order.

In the past, where an employer failed to pay compensation when due, even if the employer was actively contesting the claim petition (as in this instance), penalties were assessed. *Spangler v. Workmen's Compensation Appeal Board (Ford)*, 145 Pa. Cmwlth. 56, 602 A.2d 446 (1992). A penalty was assessed when an employer sent a compensation check to an old address after having received notice of address change from the Claimant. *McConway & Torley v. Workmen's Compensation Appeal Board (Feliciano)*, 659 A.2d 1076 (Pa.Cmwlth. 1995). Penalties were assessed when the employer did not pay the compensation, even though the employer had applied for a supersedeas which was untimely denied by the Board. *Cunningham v. Workmen's Compensation Appeal Board (Inglis House)*, 156 Pa.Cmwlth. 241, 627 A.2d 218 (1993); *M.D.S. Laboratories v. Workmen's Compensation Appeal Board (Munchinski)*, 125 Pa.Cmwlth. 460, 558 A.2d 148 (1989).

Section 435 of the Act, 77 P.S. § 991 requires that,

(a) The department shall establish and promulgate rules and regulations consistent with this act, which are reasonably calculated to:

. . . .

(ii) insure full payment of compensation when due . . . .

. . . .

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violation of the provisions of this act or such rules and regulations or rules of procedure:

(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: provided, however, that such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom compensation is payable.

Consequently, under the provisions of Section 435 of the Act, 77 P.S. § 991, an employer is subject to penalties if it does not pay the claimant in full when the disability payments are due. Additionally, under Section 413 of the Act, 77 P.S. § 771–774.2, the insurer is subject to similar penalties for altering payments to claimants due compensation.

 We find that placing any condition or endorsement on a claimant's check makes such a form of payment *less* than full payment when due. Under Section 435 of the Act, 77 P.S. § 991, the amount of penalties of 10% is not only consistent with the provisions of Section 435(d)(i), 77 P.S. § 991(d)(i), but is generous to the employer, in light of the "bad faith" *and* failure to make proper, timely payments.

Since the penalties were determined by the WCJ after a hearing on the merits and the WCJ clearly stated the reasons in the findings of fact, the imposition of penalties against this Employer is supported by substantial evidence consistent with the Act[7].

The decision of the Board is affirmed.

---

7. We note that on the day this opinion was to be filed, the Court received a two sentence correspondence from Counsel for Employer, attaching to the correspondence an Involuntary Petition for Bankruptcy under Chapter 11 of the federal Bankruptcy Code at 11 U.S.C. § 303(b), for a company captioned "ANR Advance Transportation Company."

Counsel's correspondence, "advised [the Court] that ANR Freight System, Inc. filed for Chapter 7 bankruptcy in Delaware and pursuant to the Bankruptcy Code, there is an automatic stay order. A copy of the Petition is attached."

Employer's Counsel presumably is referring to the automatic stay provision provided by 11 U.S.C. § 362, which generally acts to halt the commencement or continuation of any legal proceedings against a debtor while a bankruptcy administration is pending. However, Counsel for Employer fails to account for the legislative provisions of Section 362(b)(4) of the Bankruptcy Code, 11 U.S.C. § 362(b)(4), which protect a governmental unit's ability to enforce its police or regulatory power.

This section 362(b)(4) of the Bankruptcy Code provides that:

"... (b) The filing of a petition under Sections 301, 302, or 303 of this title does not operate as a stay ...

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit

### ORDER

NOW, April 16, 1999, the August 14, 1997 order of the Workers' Compensation Appeal Board, at No. A95–2978, is hereby affirmed in accordance with the attached opinion and the Employer is directed to cease placing any conditional or other endorsement on the Claimant's benefits, effective retroactively to the date of the filing of the Claimant's petition.

to enforce such governmental unit's police or regulatory power."

Counsel does not apply for a supersedeas, does not entertain an application for relief with this Court, nor did Counsel file an affidavit of any nature to support the allegations in his correspondence. Additionally, Counsel does not file any order from any Bankruptcy Court indicating that the officially involuntary chapter 11 bankrupt on his attached Petition, captioned as "ANR Advance Transportation Company", is in any way the same entity or owing the same debts as the Employer in this case, who is merely an alleged chapter 7 bankrupt "ANR Freight System, Inc."

In addition, it is noted that even if the entities are one-in-the-same, which is outside the determination of this Court, that pursuant to *Penn Terra Ltd. v. Department of Environmental Resources, Commonwealth of Pennsylvania,* 24 B.R. 427 (U.S.Bankr.Ct.W.D.Pa.1982) [hereinafter *Penn Terra I*], *rev'd on other grounds, Penn Terra Ltd. v. Department of Environmental Resources,* 733 F.2d 267 (3d. Cir.1984) [hereinafter, *Penn Terra II*], "the administration of worker's compensation claims by the State … is a valid exercise of a governmental unit's regulatory power, and is exempt from the automatic stay." *Penn Terra I* at 24 B.R. at 431, *citing In re Mansfield Tire and Rubber Co.,* 660 F.2d 1108 (6 th Cir.1981).

The Third Circuit Court of Appeals, in *Penn Terra II* went on to specifically hold that, "the exception to the automatic stay provision contained in subsections 362(b)(4)–(5) should itself be construed broadly, and no unnatural efforts be made to limit its scope." *Penn Terra II,* at 733 F.2d 272.

More specifically, as this Court's opinion and order apply to the worker's compensation matter before it, this Court's order and opinion operate in two venues: 1) at law, as the entry of a money judgment against the Employer, and 2) in equity,

for specific performance prohibiting the Employer from placing additional restrictions on the Claimant's benefits.

The Third Circuit, in *Penn Terra II,* has upheld both of these as valid governmental actions exempt from the provisions of the automatic stay. "As the legislative history explicitly notes, the mere entry of a money judgment by a governmental unit is not affected by the automatic stay, provided of course that such proceedings are related to that government's police or regulatory powers." *Penn Terra II,* at 733 F.2d at 275.

As *Penn Terra I* has already decided, it· is within the jurisdiction of this Commonwealth and this Court to regulate the manner in which workers' compensation benefits are administered and received, and the prohibition on putting additional conditions on the receipt of the Claimant's benefits can hardly be questioned as a valid regulatory power of this Commonwealth and this Court. As for the judgment against the Employer for the payment of benefits and related penalties to the Claimant, this Court is empowered by the Commonwealth to enter such a judgment upon its books.

While it is within the jurisdiction of this Court to *enter* a money judgment, *Penn Terra II* also clearly sets forth that, "actions to *enforce* money judgments *are* affected by the automatic stay, even if they otherwise were in furtherance of the State's police powers." [Emphasis added] *Penn Terra II,* 733 F.2d at 271.

Therefore, even though the equitable portion of this opinion and order is unaffected by the automatic stay provisions of the federal Bankruptcy Code, the enforcement of the money judgment portion may be stayed at some time in the future. However, until such time as it is proven that the Employer in this case, as listed on the dockets of this Court is within the jurisdiction of a bankruptcy court of competent jurisdiction and is affected by the stay provisions of that court, the judgment shall remain enforceable.