IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kelly Dutton, : 
                Appellant : 
  :   No. 1323 C.D. 2017
          v. : 
  :   Submitted: August 24, 2018
The City of Philadelphia : 

*OPINION NOT REPORTED*

MEMORANDUM OPINION
PER CURIAM
                                            FILED: October 24, 2018

         Kelly Dutton (Appellant) appeals, *pro se*, from the June 1, 2017 order of the Court of Common Pleas of Philadelphia County (trial court), which denied Appellant's appeal of a decision of the City of Philadelphia's Bureau of Administrative Adjudication (BAA) finding him liable for a parking violation.

**Facts and Procedural History**

         The following facts are garnered from the trial court's opinion and the original record in this matter. On June 15, 2016, Appellant was issued Parking Violation #732836565 for not properly displaying a valid kiosk receipt in a metered parking kiosk space in the City of Philadelphia (City). (Certified Record[1] (C.R.) at Item Nos. 2, 35.) That same day, Appellant was also issued Parking Violation #478474471 for parking within 20 feet of a crosswalk in the City. (C.R. at Item Nos.

---

[1] The Certified Record cited above references the record created before the BAA.

7, 35.) Appellant disputed the validity of the parking violations by submitting internet-generated hearing submission forms.[2] (C.R. at Item Nos. 12, 15, 18.) After a BAA hearing examiner upheld the validity of the parking violations, Appellant submitted an appeal to the BAA, and an appeal hearing was conducted by a BAA hearing officer on September 27, 2016, at which Appellant appeared and presented testimony. (C.R. at Item Nos. 19-20, 26-30.) On September 29, 2016, the BAA Appeal Panel issued a written determination upholding its previous decision finding Appellant liable for the two parking violations. (C.R. at Item Nos. 34-36.)

Appellant subsequently filed separate appeals of the two parking violations with the trial court. Appellant's sole argument to the trial court, in both appeals, was that the BAA's decision finding him liable for the parking violations had been the result of race discrimination. (Trial court op. at 2; Appellant's Trial Court Brief at 3-4.) The trial court determined that Appellant failed to "introduce any direct, circumstantial or statistical evidence—at the BAA hearing or on appeal before the trial court—that the adverse action by BAA was taken under circumstances that gave rise to an inference of racial discrimination." (Trial court op. at 2.) The trial court also held that Appellant had made "a factually unsupported and wholly undeveloped claim of racial discrimination in his brief to the trial court." (Trial court op. at 2-3.) "In light of the complete lack of evidence," the trial court concluded Appellant had failed to prove a *prima facie case* of racial discrimination by the BAA and, therefore, dismissed the appeal. (Trial court op. at 3.) Further, the trial court determined that the BAA's

---

[2] Appellant was also issued a third parking violation for parking in a reserved handicapped space, but this violation was later dismissed by the BAA. (C.R. at Item Nos. 1, 34-36.)

decision was supported by substantial evidence. *Id.* Thereafter, Appellant appealed the trial court's order upholding Parking Violation #732836565 to this Court.[3]

## Discussion

On appeal,[4] the sole issue raised by Appellant regarding the trial court's order upholding Parking Violation #732836565 is that, because he has recently filed for bankruptcy, the case should be postponed or dismissed. Because Appellant does not address the merits of the BAA's decision in his brief, we are precluded from addressing the same on appeal.[5]

In general, when a debtor files for bankruptcy, the bankruptcy acts as an automatic stay of most legal proceedings against the debtor while the bankruptcy proceeding is pending. *ANR Freight System v. Workers' Compensation Appeal Board*

---

[3] Appellant also filed a separate appeal of the trial court's order upholding Parking Violation #478474471 with this Court, listed at *Dutton v. City of Philadelphia* (Pa. Cmwlth., No. 1359 C.D. 2017, filed October 24, 2018).

[4] In evaluating the decision of an agency, where a complete record is made before that agency, our standard of review is whether the agency committed an error of law and whether the material findings of fact are supported by substantial evidence. *Piatek v. Pulaski Township*, 828 A.2d 1164, 1170 (Pa. Cmwlth. 2003).

[5] In the "Statement of Questions Involved" section of Appellant's brief, Appellant fleetingly asserts that the BAA violated his rights when it found him liable. (Appellant's Brief at 1.) Appellant, however, makes no other mention of the BAA's decision in his brief. This Court has previously explained that "[m]ere issue spotting without analysis of legal citation to support an assertion precludes our appellate review of [a] matter." *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1259 n.11 (Pa. Cmwlth. 2002); *see also In re Tax Claim Bureau of Lehigh County 2012 Judicial Tax Sale*, 107 A.3d 853, 857 n.5 (Pa. Cmwlth. 2015) ("A party's failure to develop an issue in the argument section of its brief constitutes waiver of the issue."); *Boniella v. Commonwealth*, 958 A.2d 1069, 1072 n.8 (Pa. Cmwlth. 2008) (stating that it is well settled that an appellate court will not consider issues that are not properly raised and developed in a brief). Because Appellant does not properly raise or develop any argument regarding the merits of the BAA's decision, we are unable to address it.

*(Bursick)*, 728 A.2d 1015, 1020 n.7 (Pa. Cmwlth. 1999). Under section 362(a)(1) of the federal Bankruptcy Code, 11 U.S.C. §362(a)(1), the filing of a petition for bankruptcy operates as an automatic stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced" before the debtor filed for bankruptcy. *Id.*; *see also ANR Freight Systems*, 728 A.2d at 1020 n.7 (The automatic stay provision of section 362 of the Bankruptcy Code halts "continuation of any legal proceedings against a debtor while a bankruptcy administration is pending.").

However, the automatic stay provision of section 362 of the Bankruptcy Code is not without exception. Section 362(b)(4) of the Bankruptcy Code provides, in relevant part, that the filing of a petition for bankruptcy:

> does not operate as a stay . . . of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power.

11 U.S.C. §362(b)(4). Thus, notwithstanding the filing of a bankruptcy petition, section 362(b)(4) permits governmental entities to enforce their police and regulatory powers, and even the entry of money judgments, against bankruptcy filers as long as they do not seek to actually *enforce* money judgments. *See ANR Freight Systems*, 728 A.2d at 1020 n.7 (concluding that section 362(b) permits courts to enter money judgments for actions by governmental units); *Lower Mount Bethel Township v. Stine*, 686 A.2d 426, 430 (Pa. Cmwlth. 1996) (concluding that although section 362(b)(4) may foreclose governmental unit from *executing* on a judgment, it does not preclude governmental unit from enforcing police or regulatory powers); *Department of*

*Environmental Resources v. Peggs Run Coal Co.*, 423 A.2d 765, 767 (Pa. Cmwlth. 1980) (citing S. Rep. No. 95-989, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5838) (noting that section 362(b) permits, for governmental units, entry of injunctions, enforcement of injunctions, and *entry of money judgments*); *Penn Terra Ltd. v. Department of Environmental Resources*, 733 F.2d 267, 274-75 (3d Cir. 1984) (holding that section 362(b) permits entry of a money judgment by governmental entity exercising police and regulatory powers, and that pursuant to section 362(b), Pennsylvania Department of Environmental Resources could proceed with action to obtain and enforce injunction against company that filed for bankruptcy).

This Court has previously applied the section 362(b)(4) exception to the automatic stay provision of the Bankruptcy Code to actions brought by state and local entities against parties who filed for bankruptcy.[6] In *Krystal Jeep Eagle, Inc. v. Bureau of Professional & Occupational Affairs, State Board of Vehicle Manufacturers, Dealers and Salespersons*, 725 A.2d 846 (Pa. Cmwlth. 1999), we concluded that an action by the Pennsylvania Bureau of Professional and Occupational Affairs to enforce an automobile dealer license regulation qualified within the section 362(b)(4) exception to the Bankruptcy Code's automatic stay provision. *Id.* at 850. In *Pope & Talbot v. Workers' Compensation Appeal Board (Pawlowski)*, 949 A.2d 361, 366 (Pa. Cmwlth. 2008), we concluded that "[t]he administration of workers' compensation claims by the Commonwealth of Pennsylvania is a valid exercise of its police power and, thus, exempt from the automatic stay" provision of section 362(b)(4); *see also ANR Freight Systems*, 728 A.2d at 1020 n.7 (same). Moreover, in *Department of Environmental Resources v. Ingram*, 658 A.2d 435, 437-38 (Pa. Cmwlth. 1995), we concluded that the enforcement of environmental regulations by the Pennsylvania

---

[6] This Court has concluded it has jurisdiction to determine whether a section 362 automatic stay applies. *Department of Environmental Resources v. Ingram*, 658 A.2d 435, 437-38 (Pa. Cmwlth. 1995) (citing *Brock v. Morysville Body Works*, 829 F.2d 383 (3d Cir. 1987)).

Department of Environmental Resources was exempted from the automatic stay provision of the Bankruptcy Code. *Id.* at 438-40; *see also Peggs Run Coal Co.*, 423 A.2d at 767 (same).

In the instant case, the City seeks to affirm the trial court's decision upholding the issuance of Parking Violation #732836565 by the BAA to Appellant. Like *Krystal Jeep Eagle, Inc.*, *Pope & Talbot*, and *Ingram*, we conclude, here, that the City's enforcement of a parking violation constitutes an action by a governmental unit to enforce its police and regulatory power under section 362(b)(4) of the Bankruptcy Code. Moreover, as of yet, the City has not sought to enforce a money judgment for the parking violation at issue. Thus, despite Appellant's filing for bankruptcy, we conclude that the section 362(b)(4) exception to the Bankruptcy Code's automatic stay provision applies to the City's action to enforce the parking violation against Appellant and his subsequent appeal.

## Conclusion

Based upon the foregoing, we conclude that Appellant's filing for bankruptcy does not automatically stay the City's enforcement of Parking Violation #732836565 against Appellant.

Accordingly, we affirm the order of the trial court, albeit on the other grounds stated above.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kelly Dutton,                           :
            Appellant                   :
                                        :   No.  1323 C.D. 2017
        v.                              :
                                        :
The City of Philadelphia                :


**_PER CURIAM_**

**_ORDER_**


AND NOW, this 24th day of October, 2018, the order of the Court of Common Pleas of Philadelphia County, dated June 1, 2017, is hereby affirmed.