IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leonard Tyson, : 
                Appellant : 
                 :   No. 519 C.D. 2022
           v. : 
                 :   Argued: November 6, 2023
City of Philadelphia, Sears Holdings : 
Corp. d/b/a Kmart, Kmart Corporation, : 
Wakefern Food Corp., 909 Group L.P., : 
909 Group L.P., a Delaware Limited : 
Partnership, Bellevue Realty Co., : 
Bellevue Holding Company : 
                 : 
           v. : 
                 : 
Charles Cowen, Charles Coen, Pinali : 
and Darshil, LLC, "Aramingo : 
News" : 


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION
BY JUDGE McCULLOUGH                    FILED: January 16, 2024

        Leonard Tyson (Appellant) appeals from the November 8, 2021 order of the Court of Common Pleas of Philadelphia County (trial court), which denied Appellant's Petition to Open the Administratively Dismissed Action (Petition to Open) and dismissed his premises liability/negligence action against the City of Philadelphia; Sears Holdings Corp., doing business as Kmart; Kmart Corporation; 909 Group, L.P., Bellevue Realty Co., Bellevue Holding Company; and Wakefern Food Corporation. Upon careful review, we vacate and remand.

# **Facts and Procedural History**

The facts are not in dispute. On December 24, 2016, Appellant was allegedly injured when he tripped and fell on an uneven broken sidewalk along 3300 Aramingo Avenue, in Philadelphia, Pennsylvania. (Reproduced Record (R.R.) at 7a.) On August 29, 2018, Appellant filed a two-count complaint sounding in negligence against the City of Philadelphia; Sears Holdings Corp., doing business as Kmart; Kmart Corporation; 909 Group, L.P., Bellevue Realty Co., Bellevue Holding Company; and Wakefern Food Corporation. After service was perfected, the named defendants filed their respective answers with new matter and/or crossclaims. *Id.* at 17a-84a. On October 9, 2018, 909 Group, L.P., 909 Group L.P., a Delaware Limited Partnership, Bellevue Realty Co., and Bellevue Holding Company (Bellevue Holding/909 Group) filed a joinder complaint against Charles Cowen, Charles Coen, Pinali & Darshil, LLC, and Aramingo News. *Id.* at 86a-92a.

On October 18, 2018, Sears Holding Corporation (Sears Holding), and its debtor affiliates, provided the trial court with notice that a voluntary bankruptcy proceeding was commenced in the United States Bankruptcy Court for the Southern District of New York (Bankruptcy Court), which necessitated a stay of the action pursuant to 11 U.S.C. § 362(a)(1).[1] *Id.* at 121a-81a.

---

[1] 11 U.S.C. § 362(a)(1) entitled "Automatic Stay," provides:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of-
>
>     (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or

**(Footnote continued on next page…)**

On January 1, 2021, approximately three-and-a-half years after the last docket entry, the trial court's Prothonotary forwarded counsel of record a notice of intent to terminate the action due to inactivity (Notice of Termination) pursuant to Rule 230.2 (Termination of Inactive Cases) of the Pennsylvania Rules of Civil Procedure[2] (Pa.R.Civ.P.). *Id.* at 2584a. The Notice of Termination contained the date of the proposed termination and the procedure to avoid termination. *Id.* Because no statement of intention to proceed was filed, the Prothonotary entered an order on April 5, 2021, administratively terminating the matter for failure to prosecute. *Id.* at 2585a.

---

> to recover a claim against the debtor that arose before the commencement of the case under this title[. . . .]

[2] Rule 230.2 requires the courts to initiate proceedings to automatically terminate cases in which there has been no activity of record for more than two years. Rule 230.2 provides an **administrative** method for termination of inactive cases. Rule 230.2 is not to be confused with Rule 3051 (Relief from Judgment of Non Pros), which applies to judgments of non pros entered by the court upon praecipe of a party. Rule 230.2 provides, in pertinent part, as follows:

> (a) At least once a year, the court shall initiate proceedings to terminate cases in which there has been no activity of record for two years or more.
> (b)(1) For each case identified pursuant to subdivision (a), the court shall serve a notice of proposed termination on counsel of record, and on the parties if not represented, thirty days prior to the date of the proposed termination. The notice shall contain the date of the proposed termination and the procedure to avoid termination.
> (2) The notice shall be served electronically pursuant to [Pa.R.Civ.P.] 205.4(g)(1), or pursuant to [Pa.R.Civ.P.] 440 on counsel of record and on the parties, if not represented, at the last address of record.
> (c) **If no statement of intention to proceed has been filed on or before the date of the proposed termination, the prothonotary shall enter an order as of course terminating the matter for failure to prosecute**.

Pa.R.Civ.P. 230.2(a)-(c) (emphasis added).

On October 14, 2021, Appellant filed a Petition to Open. *Id.* at 189a-95a. In his Petition to Open, Appellant asserted that he was not aware of the April 5, 2021 administrative dismissal. *Id.* at 193.

On November 8, 2021, the trial court entered its order denying the Petition to Open. *Id.* at 310a. On November 12, 2021, Appellant filed a motion for reconsideration. *Id.* at 311a-448a. On January 11, 2022, Bellevue Holding/909 Group filed an opposition to Appellant's motion for reconsideration. *Id.* at 452a-59a. Thereafter, the trial court entered an order on March 23, 2022, denying Appellant's motion for reconsideration.

On April 4, 2022, Appellant filed a second motion for reconsideration, arguing that the April 5, 2021 administrative dismissal was improper as no action should have been taken in the matter due to the pending bankruptcy of Sears Holding and the automatic stay issued on October 18, 2018, pursuant to 11 U.S.C. § 362(a). *Id.* at 530a. Bellevue Holding/909 Group opposed Appellant's second motion for reconsideration. *Id.* at 2459a-534a. On April 22, 2022, the trial court entered an order denying Appellant's second motion for reconsideration. *Id.* at 2544a. On May 5, 2022, the trial court issued an opinion stating the reasons it denied the Petition to Open. The trial court explained that the Notice of Termination was entered on January 1, 2021, through automatic administrative dismissal. The parties were automatically notified of that administrative filing. The notice specifically stated that, despite receiving notice that he could stop the trial court from terminating the case "by filing an intention to proceed," Appellant failed to do so. (Trial Ct. Op., 5/5/22, at 2-3; R.R. at 2545a-47a.) The trial court further explained Appellant did not file his Petition to Open until October 14, 2021, which was over six months after the April 5, 2021 administrative dismissal. The trial court then addressed the two-prong test in Rule 230.2(d)(3) for

4

acceptance of a late petition to open an administratively terminated case.[3] With respect to the first prong (timeliness of the Petition to Open following the administrative dismissal), the trial concluded that the Petition to Open was not prompt because it was filed six months late. *Id.* Regarding the second prong (reasonable explanation or legitimate excuse for failure to file the statement of intention to proceed and the Petition to Open within 60 days of the entry of the administrative dismissal), the trial court first concluded that Appellant failed to show a reasonable excuse for his failure to file the statement of intention to proceed prior to the entry of the Notice of Termination under

---

[3] If an action has been terminated pursuant to Rule 230.2, an aggrieved party may petition the court to reinstate the action. Pa.R.Civ.P. 230.2(d)(1). If such petition is filed within 60 days after the entry of the order of termination on the docket, the court must grant the petition to reinstate the action. Pa.R.Civ.P. 230.2(d)(2). However, if the petition is filed more than 60 days after the entry of the order of termination on the docket, the court must grant the petition and reinstate the action if (i) the petition was timely filed following the entry of the order for termination, (ii) there is a reasonable explanation or legitimate excuse for the failure to file (A) the statement of intention to proceed prior to the entry of the order of termination on the docket, and (B) the petition to open and reinstate the action. Pa.R.Civ.P. 230.2(d)(3)(i), (ii). Rule 230.2(d) provides, in this regard, as follows:

> (d)(1) If an action has been terminated pursuant to this rule, an aggrieved party may petition the court to reinstate the action.
> (2) If the petition is filed within sixty days after the entry of the order of termination on the docket, the court shall grant the petition and reinstate the action.
> (3) If the petition is filed more than sixty days after the entry of the order of termination on the docket, the court shall grant the petition and reinstate the action upon a showing that
> (i) the petition was timely filed following the entry of the order for termination and
> (ii) there is a reasonable explanation or a legitimate excuse for the failure to file both
> (A) the statement of intention to proceed prior to the entry of the order of termination on the docket and,
> (B) the petition to reinstate the action within sixty days after the entry of the order of termination on the docket.

Pa.R.Civ.P. 230.2(d)(1)-(3).

Rule 230.2(d)(3)(ii)(A) because Appellant merely stated that "he did not receive" the Notice of Termination. The trial court noted that notices of termination are automatically sent by the courts, and Appellant failed to demonstrate that he did not receive the notice and there was nothing on the docket indicating that the notice was deemed undeliverable. *Id.* at 3-4; R.R. at 2547a-48a. The trial court further held that Appellant failed to show, pursuant to Rule 230.2(d)(3)(ii)(B), a reasonable excuse for his failure to file his Petition to Open within 60 days after the entry of the April 5, 2021 administrative dismissal. For these reasons, it denied Appellant's Petition to Open.

On appeal,[4] Appellant argues that the trial court abused its discretion by administratively dismissing his complaint despite the active Sears Holding bankruptcy proceeding and lack of order from the Bankruptcy Court allowing the matter to proceed. Relying on bankruptcy court decisions from other jurisdictions, Appellant maintains that if a bankruptcy proceeding is ongoing and the stay is in place, a trial court may not dismiss the action for failure to prosecute. Thus, he argues, the April 5, 2021 administrative dismissal should be overturned and the complaint be reinstated.

## Discussion

In general, when a debtor files for bankruptcy, the bankruptcy acts as an automatic stay of most legal proceedings against the debtor while the bankruptcy proceeding is pending. *ANR Freight System v. Workers' Compensation Appeal Board (Bursick)*, 728 A.2d 1015, 1020 n.7 (Pa. Cmwlth. 1999). Under section 362(a)(1) of the federal Bankruptcy Code, 11 U.S.C. § 362(a)(1), the filing of a petition for bankruptcy operates as an automatic stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was

---

[4] Administrative dismissal rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion or an error of law. *Wheeler v. Red Rose Transit Authority*, 890 A.2d 1228, 1230 (Pa. Cmwlth. 2006).

6

or could have been commenced" before the debtor filed for bankruptcy. *Id.*; *see also ANR Freight Systems*, 728 A.2d at 1020 n.7 (The automatic stay provision of section 362 of the Bankruptcy Code halts "continuation of any legal proceedings against a debtor while a bankruptcy administration is pending."); *Citizens Bank of Pennsylvania v. Myers*, 872 A.2d 827, 833 (Pa. Super. 2005) ("The automatic stay [set forth in 11 U.S.C. § 362(a)(1) upon the filing of a bankruptcy petition] precludes any non-bankruptcy court, including state and federal courts, from continuing judicial proceedings pending against the debtor."). The stay remains in force **until the case is closed or dismissed, or a discharge is granted or denied**. 11 U.S.C. § 362(c)(2).

Our review of Pennsylvania precedent has uncovered no on-point decision regarding the interplay between Rule 230.2 and 11 U.S.C. § 362(a), in particular whether a plaintiff must meet the requirements of Rule 230.2 in a case that has been administratively dismissed despite an active bankruptcy stay. Other jurisdictions have addressed the issue. In *Traweek v. Finley*, 235 Cal. App. 3d 1128, 1135 (Ct. App. 1991), a California court of appeals held that the trial court lacked power to dismiss a case against defendants who were subject to a federal bankruptcy stay based on the trial court's concern with administrative efficiency. In *Boatmen's National Bank v. Moss*, 953 S.W.2d 583, 585-86 (Ark. 1997), the Supreme Court of Arkansas held that a mortgage foreclosure action could not be dismissed for want of prosecution while an automatic stay was in effect in the mortgagor's bankruptcy case. And, in *Bowman v. Peele*, 413 So.2d 90, 91 (Fla. Dist. Ct. App. 1982), a Florida district court held that if an action is stayed as to one or more of the parties either by court order or by an automatic stay invoked because of the federal bankruptcy act, it will not be dismissed for failure to prosecute.

After careful consideration, we are persuaded that the bankruptcy stay precluded the entry of the April 5, 2021 administrative dismissal. The stay, by its statutory words, operates against "the commencement or continuation" of judicial proceedings. No specific reference is made to the "dismissal," administratively or otherwise, of judicial proceedings. Nevertheless, it seems to the Court that the stay must be construed to apply to dismissals as well. This is because the entry of an order of a dismissal, even if entered administratively by the prothonotary, constitutes a judicial act towards the disposition of the case, and hence may be construed as a "continuation" of a judicial proceeding. *See Pope v. Manville Forest Products Corporation*, 778 F.2d 238, 239 (5th Cir. 1985). Here, even though a stay was in place, a Notice of Termination was entered on January 1, 2021. (R.R. at 2584a.) The parties were automatically notified of this administrative filing. *Id.* The notice stated that Appellant "may stop the court from terminating the case by filing an intention to proceed." *Id.* The entry of the Notice of Termination had the effect of moving the case forward on the docket, and eventually resulted in an administrative dismissal. We conclude that the Notice of Termination, therefore, constituted a judicial act towards the disposition of the case and thus a "continuation" of judicial proceedings – which was prohibited by 11 U.S.C. § 362(a).

Any action in violation of the stay is void. *See Maritime Electric Company, Inc. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1991); *In re Highway Truck Drivers & Helpers Local Union # 107*, 888 F.2d 293, 299 n.9 (3rd Cir. 1989) (holding that the Pennsylvania Supreme Court's grant of reargument was rendered in violation of the automatic stay because, once the petition for bankruptcy was filed, the state court was "deprived of the power and jurisdiction" to continue with the appellate proceedings). Because of the stay, the trial court had no power or

8

jurisdiction to enter the Notice of Termination. It was void *ab initio*. Therefore, Appellant's alleged failure to meet his burden necessary for acceptance of a late filing to open an administratively terminated case under Rule 230.2, was of no moment.

It is undisputed that Sears Holding was discharged in bankruptcy on January 11, 2023. Since that bankruptcy action is concluded, the stay is now lifted, and the matter may again be dealt with by the trial court. We therefore vacate the trial court's order and remand this case for further proceedings.

Jurisdiction is relinquished.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leonard Tyson,  :
       Appellant  :
                 :   No.  519 C.D. 2022
       v.  :
                 :
City of Philadelphia, Sears Holdings  :
Corp. d/b/a Kmart, Kmart Corporation,  :
Wakefern Food Corp., 909 Group L.P.,  :
909 Group L.P., a Delaware Limited  :
Partnership, Bellevue Realty Co.,  :
Bellevue Holding Company  :
                 :
       v.  :
                 :
Charles Cowen, Charles Coen, Pinali  :
and Darshil, LLC, "Aramingo News"  :

## ***ORDER***

AND NOW, this 16th day of January, 2024, the November 8, 2021 order of the Court of Common Pleas of Philadelphia County is hereby VACATED. The matter is remanded for further proceedings.

      Jurisdiction is relinquished.

_____
PATRICIA A. McCULLOUGH, Judge